## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| **DAVID FIERRO,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ.** |
| v. | |
| **MIDLAND CREDIT MANAGEMENT, INC.;** | |
| Defendants. | **JURY TRIAL DEMANDED** |

### INTRODUCTION

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2.    David Fierro ("Plaintiff"), through his attorneys, brings this Complaint against Midland Credit Management, Inc. ("Defendant" or "MCM") for its violations of the FDCPA, 15 U.S.C. §§ 1692 et seq., for failing to validate a debt after a request in writing was sent by Plaintiff.

3.    Plaintiff makes these allegations on information and belief, with the exceptions of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.    Unless otherwise indicated, the use of Defendant's name in this Complaint includes all of its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

5.    All violations by Defendant were knowing, willful, and intentional; furthermore Defendant did not maintain procedures reasonably adapted to avoid these violations.

## JURISDICTION & VENUE

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this case arises from a violation of federal law, the FDCPA.

7.    This Court has personal jurisdiction over Defendant because Defendant directed its unlawful collection attempts at Plaintiff, a Florida resident.

8.    Venue is also proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Polk County, Florida, which is within this judicial district; (ii) the conduct complained of herein occurred within this

judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

9.     More specifically, Defendant abusively sought to collect a debt by continuing to collect without providing validation of debt, which occurred while Plaintiff was located in Winter Haven, Florida.

## PARTIES & DEFINITIONS

10.     Plaintiff is an individual residing in Winter Haven, Florida, and he is, and at all times mentioned was, a "consumer" as defined by 15 U.S.C. § 1692a(3).

11.     Upon information and belief, Defendant is, and at all times mentioned herein, was a debt collection agency located in San Diego, California.

12.     Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection". Accordingly, Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13.     Sometime prior to March 2019, Plaintiff allegedly incurred some financial obligations owed to the original creditor, Synchrony Bank,  in the amount of $659.42 (the "Debt"). Plaintiff takes no position as to whether the debt is owed.  These obligations were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another, and were therefore "debt(s)" as defined by 15 U.S.C. § 1692a(5).

14.     Sometime thereafter, but before February 2021, Plaintiff allegedly fell behind on the payments owed on the Debt.

15.    Afterwards, the alleged Debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection. Thereafter, Defendant began contacting Plaintiff in attempt to collect upon the Debt.

16.    On or about February 19, 2021, Defendant sent Plaintiff a collection letter via mail notifying Plaintiff of the change in account ownership and attempting to collect the Debt from Plaintiff.

17.    The February 19, 2021 letter was a "communication" pursuant to 15 U.S.C. § 1692a(2).

18.    Concerned by Defendant's collection letter, on or around March 18, 2021, Plaintiff sent Defendant a letter via fax requesting validation, verification and proof of the Debt (the "Dispute"), which was confirmed received by Defendant.

19.    Despite Plaintiff sending the Dispute via fax to Defendant, Defendant decided to move forward with collection attempts against Plaintiff without validating the alleged debt.

20.    Specifically, without providing Plaintiff with the requested validation, verification, and/or proof of the Debt, Defendant sent a collection letter to Plaintiff dated April 5, 2021 attempting to collect the Debt from Plaintiff.

21.    Additionally, without providing Plaintiff with the requested validation, verification and/or proof of the Debt, on or around June 30, 2021, Defendant sent Plaintiff another letter attempting to collect the Debt from Plaintiff.

22.     On or around August 12, 2021, without providing Plaintiff with the requested validation, verification and/or proof of the Debt, Defendant sent Plaintiff another letter attempting to collect the Debt from Plaintiff.

23.     Defendant provided no response to Plaintiff's Dispute and Defendant never provided Plaintiff with the requested validation, verification, and/or proof of the Debt.

24.     Defendant's failure to validate Plaintiff's alleged debt before continuing to attempt to collect on the alleged debt violated 15 U.S.C. § 1692g(b).

25.     Moreover, 15 U.S.C. § 1692d provides: "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

26.     Here, Defendant's continued collection attempts without regard to Plaintiff's Dispute was harassing and abusive.

27.     Though the above conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequences of which was to harass, oppress or abuse Plaintiff by continuing collection activities without providing Plaintiff with validation, verification, and/or proof of the Debt and in complete disregard to Plaintiff's Dispute.

28.     Through the above conduct, Defendant violated 15 U.S.C §§ 1692e and 1692e(10) by continuing with attempts to collect upon the alleged debt from Plaintiff without providing Plaintiff with validation, verification, and/or proof of the Debt and in complete disregard to Plaintiff's Dispute.

29.     Through the above conduct, Defendant violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt.

30.     Through all the above-described conduct, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Specifically, Defendant has violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10) 1692f, and 1692g(b) of the FDCPA.

31.     As a direct and proximate result of Defendant's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, attorneys' fees, mental and emotional pain and anguish caused from the harassment.

32.     Due to Defendant's ongoing violations of the law, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute and ensure safeguards are put in place to protect Plaintiff from future unlawful debt collection practices and harassment.

## CAUSES OF ACTION
## COUNT I
## VIOLATION OF THE FDCPA
## 15 U.S.C. §§ 1692 et seq.

33.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

34.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each, and every one of the above-cited provisions of the FDCPA.

35.    As a result of Defendant's violations of 15 U.S.C. §§ 1692 et seq., Plaintiff is entitled up to $1,000 in statutory damages and actual damages, in addition to reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and that Plaintiff be awarded damages from Defendant, as follows:

- An award of $1,000 in statutory damages to Plaintiff for each and every violation of 15 U.S.C. §§ 1692 by Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of actual damages to Plaintiff for each and every violation of 15 U.S.C. §§ 1692 by Defendant, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other further relief that the Court may deem just and proper.

///
///
///
///
///
///
///
///
///

## **DEMAND FOR JURY TRIAL**

36.     Pursuant to the Seventh Amendment of the Constitution of the United States of America, Plaintiff demands a trial by jury of, any and all, triable issues.

Dated: August 8, 2022                                      Respectfully submitted,


                                        BY: /s/ RYAN L. MCBRIDE_____
                                              RYAN L. MCBRIDE, ESQ.
                                              TRIAL COUNSEL FOR PLAINTIFF

                                        Mohammad Kazerouni (1034549)
                                        **Kazerouni Law Group, APC**
                                        245 Fischer Ave., Suite D1
                                        Costa Mesa, CA 92626
                                        Telephone: (800) 400-6808
                                        Facsimile:  (800) 520-5523
                                        mike@kazlg.com

                                        Ryan L. McBride (1010101)
                                        **Kazerouni Law Group, APC**
                                        4455 E. Camelback Road, Suite C250
                                        Phoenix, AZ 85018
                                        Telephone: (800) 400-6808
                                        Facsimile:  (800) 520-5523
                                        ryan@kazlg.com