## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **DAVID FIERRO,** | ) | **Case No.: 8:22-cv-01805-WFJ-TGW** |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND REASONABLE ATTORNEY'S FEES AND COSTS AGAINST DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.** |
| v. | ) | |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.;** | ) | |
| | ) | |
| | ) | **JUDGE HON. WILLIAM F. JUNG** |
| Defendants. | ) | |
| | ) | **MAGISTRATE JUDGE HON. THOMAS G. WILSON** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**Points and Authorities Supporting Plaintiff David Fierro's Motion for**

**Default Judgment**

Plaintiff David Fierro ("Plaintiff"), through his attorney of record, hereby moves this Court for a Default Judgment and attorney's fees and costs against Defendant Midland Credit Management, Inc. ("Defendant" or "MCM").

### I. Basis of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction without general subject

matter jurisdiction and may only adjudicate those cases which the Constitution and Congress authorize. See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This court has jurisdiction over the issues raised pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692(k). This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), a federal law.

## II. Service of Process

Under Rule 4 of the Federal Rules of Civil Procedure, a business entity can be served by delivering a copy of the summons and complaint to: 1) an officer, 2) a managing or general agent, or 3) any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). Whether a person is an agent for service of process is determined by federal, rather than, state standards. See *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S. Ct. 411, 11 L. Ed. 2d 354 (1964).

The requirements of Rule 4(h) are liberally construed to achieve its underlying purpose of giving a party notice of a claim against it. *Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc.*, 2006 WL 1722314, * 3 (D.Ariz. June 22, 2006) (citing, among others, *Direct Mail*, 840 F.2d at 688-89; *Chan v. Soc'y Expeditions, Inc.,* 39 F.3d 1398, 1404 (9th Cir. 1994); *see*

*also Rovinski v. Rowe*, 131 F.2d 687, 1942 U.S. App. LEXIS 2921 (6th Cir. 1942)). An appointed agent's authority need not be express; it can also be implied. *Grand Canyon Resort Corp.*, 2006 WL 1722314 at 3 (*citing Direct Mail*, 840 F.2d at 685). "Implied authority may be sufficient where an individual is not an employee but is 'so integrated with the organization that he will know what to do with the papers . . . so as to render it fair, reasonable and just to imply authority on his part to receive service,' and as long as the party receives sufficient notice of the complaint." *Id.* (quoting *Direct Mail*, 840 F.2d at 866) (holding that receptionist employed by another corporation was an agent despite denial of authority when defendant corporation shared office space with her employer and she was only person in the office).

On August 18, 2022, Defendant was served a copy of the summons and complaint in this action. *Declaration of Ryan L. McBride in Support of Plaintiff's Motion for Entry of Default "McBride Decl." ¶3; Proof of Service attached as Exhibit A.* Defendant failed to file a responsive pleading and did not request an extension from Plaintiff by the deadline pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure. *McBride Decl. ¶5.*

Finally, on October 25, 2022, Plaintiff filed a Motion for Entry of Default and mailed the Motion for Entry of Default to Defendant. *McBride*

*Decl. ¶6, 7.* After the clerk entered default against Defendant, Plaintiff mailed the certificate of default to Defendant. *McBride Decl. ¶ 9.* Despite Plaintiff's counsel's service of the lawsuit, mailing of the Motion for Entry of Default and the Clerk's Entry of Default, Defendant still refuses to file a response. *McBride Decl. ¶10.*

Defendant's designated agent for service of process was served. *See* Proof of Service attached as *Exhibit A*. Therefore, Defendant is well aware of the lawsuit, and is simply refusing to respond. Defendant was doing business in the State of Florida, was properly served with process, and has failed to answer or otherwise respond to the Complaint. In spite of that time lapse, Defendant has done nothing to defend its interests in this case, and has not contacted Plaintiff's counsel. On October 27, 2022, the Clerk of Court issued an Entry of Default against the defaulting and non-appearing Defendant. (ECF #14). Plaintiff mailed this Entry of Default to Defendant on October 27, 2022, but still has received no response. *McBride Decl. ¶10.*

### III. Personal Jurisdiction

At all times relevant, Defendant conducted business within the State of Florida. This is evidenced by the collection letters sent to Plaintiff's address in Florida. See Collection Letters attached as *Exhibit B, Exhibit D,*

*Exhibit E, and Exhibit F.* Therefore, venue is proper and personal jurisdiction has been established.

## IV. Claims for Liability

### A. Factual Basis of Illegal Conduct

Defendant engaged in the following illegal conduct which gives rise to this action. Plaintiff now provides this summary in order to provide the Court more of an understanding of the basis for the amount of damages sought. On February 19, 2021, Defendant sent Plaintiff a letter attempting to collect on the alleged debt and provided notice to Plaintiff of his rights under the FDCPA to dispute the alleged debt. *Fierro Decl. ¶3, 4. Exhibit B.* On March 18, 2021, Plaintiff sent Defendant a letter via fax disputing the alleged debt and requested validation of the alleged debt. *Fierro Decl. ¶5. Exhibit C.* Defendant did not provide Plaintiff with a response to Plaintiff's Dispute and did not otherwise provide validation of the alleged debt pursuant to 15 U.S.C. § 1692g(b).

On April 5, 2021, without providing Plaintiff with a response to his dispute, Defendant sent Plaintiff a second letter attempting to collect the alleged debt. *Fierro Decl. ¶6. Exhibit D.* Additionally, on June 30, 2021, Defendant sent Plaintiff a third letter attempting to collect the debt from

Plaintiff. *Fierro Decl. ¶7. Exhibit E*. On August 12, 2021, Defendant sent Plaintiff a fourth letter attempting to collect the alleged debt. *Fierro Decl. ¶8. Exhibit F*. Each of these collection letters were sent after Plaintiff asked for validation and without a response from Defendant in violation of 15 U.S.C. § 1692g.

## B. **Legal Argument**

As noted above, Plaintiff brought this action against Defendant as a result of Defendant's violations of the Fair Debt Collections Practices Act. Specifically, Plaintiff sought to be compensated for: 1) Defendant's harassive, oppressive, or abusive conduct in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692d (See Complaint ¶ 27); 2) Defendant's false, deceptive, or misleading conduct used in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e and e(10) (See Complaint ¶ 28); 3) Defendant's use of unfair or unconscionable means to collect an alleged debt in violation of 15 U.S.C. § 1692f (See Complaint ¶ 29); and 4) Defendant's continued collection attempts after Plaintiff asked for validation of the debt in violation of 15 U.S.C. § 1692g(b) (See Complaint ¶ 24).

Defendant's continued collection attempts without validating the

alleged debt and its legal standing to collect on the alleged debt are misleading representations to Plaintiff, a consumer. Thus, Defendant has violated the above sections of the FDCPA.

## C. **Award of Damages**

As a prevailing Plaintiff under the FDCPA, Plaintiff is entitled to statutory damages, actual damages and attorney's fees and costs. *See,* 15 U.S.C. § 1692k(a). Statutory damages of up to $1,000.00 are available to Plaintiff under the FDCPA based on Defendant's unlawful collection activities. *See,* 15 U.S.C. § 1692k(a)(2)(A). The FDPCA provides that any debt collector who violates any provision of the FDCPA is liable for court awarded damages of up to $1,000.00.

Here, Plaintiff has adequately set forth facts from his complaint, and subsequent declarations, that such conduct by Defendant was willful and in complete disregard for the rights of Plaintiff. Accordingly, based on Defendant's violations of the FDCPA Defendant is liable for the maximum amount statutory damages of $1,000 to Plaintiff. Considering the FDCPA was enacted in 1978 and the amount of statutory damages has never been adjusted, and further considering Defendant's conduct at issue, Plaintiff requests the full $1,000 in statutory damages under the FDCPA. Plaintiff is

not seeking any actual damages here.

Further, The FDCPA mandates the payment of attorney fees to a successful consumer pursuant to15 U.S.C. §1692k(a)(3). Plaintiff's Counsel has calculated their fees at an hourly rate of $400.00 per hour. To support a billing rate of $400.00, Plaintiff's counsel set forth declarations and prior court findings, demonstrating recognized expertise in this area of consumer litigation. *See* McBride Decl. *¶¶ 12-34*.

Moreover, reasonable billing discretion has been used throughout this case *See McBride Decl. ¶¶ 35-40*. Using reasonable billing discretion, Mr. McBride and his firm, Kazerouni Law Group has billed for 9 hours of work in this case at a rate of $400.00 per hour for a total of $3,600.00. *See McBride Decl. ¶ 36, and Exhibit G*. Plaintiff's counsel also expended a total of $526.34 in costs which includes a filing fee and service of process charges. *See Exhibit G*. Therefore, Plaintiff has incurred a total of $4,126.34 in attorneys fees and costs.

### D. **Fed.R.Civ.P. 55(b)(2)**

Defendant is not a minor nor incompetent person. Defendant is a business entity. *See Complaint ¶ 11*.

### E. **Default Judgment**

Plaintiff has satisfied the procedural requirements for default judgment against Defendant. The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b).

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *CFTC v. U.S. Coin Bullion LLC*, 2021 U.S. Dist. LEXIS 205744 (M.D. Fla.) citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Id.* ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). This analysis applies equally to motions for default judgment. *De Lotta v. Dezenzo's Italian Rest., Inc.,* No. 6:08-cv-2033-Orl-22KRS, 2009 U.S. Dist. LEXIS 110257, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

Plaintiff submitted a declaration and application for entry of default, which prompted the Clerk of the Court to enter default against Defendant on October 27, 2022. (ECF #14). Plaintiff's request for relief does not differ from that prayed for in the complaint. The application for default judgment complies with the Federal Rules of Civil Procedure. Accordingly, the Court need only analyze whether the complaint provided a sufficient legal basis for Plaintiff's claims .

Here, on February 19, 2021, Defendant sent Plaintiff a letter attempting to collect on the alleged debt and provided notice to Plaintiff of

his rights under the FDCPA to dispute the alleged debt. *Plaintiff's Complaint* ¶ 16; *Fierro Decl. ¶3, 4*; *Exhibit B*. On March 18, 2021, Plaintiff sent Defendant a letter via fax disputing the alleged debt and requested validation of the alleged debt. *Plaintiff's Complaint ¶ 18; Fierro Decl. ¶5*; *Exhibit C*. Defendant did not provide Plaintiff with a response to Plaintiff's Dispute and did not otherwise provide validation of the alleged debt pursuant to 15 U.S.C. § 1692g(b). *Plaintiff's Complaint ¶ 20.*

On April 5, 2021, without providing Plaintiff with a response to his dispute, Defendant sent Plaintiff a second letter attempting to collect the alleged debt. *Id.; Fierro Decl. ¶6*; *Exhibit D*. Additionally, on June 30, 2021, Defendant sent Plaintiff a third letter attempting to collect the debt from Plaintiff. *Plaintiff's Complaint ¶ 21;Fierro Decl. ¶7; Exhibit E*. On August 12, 2021, Defendant sent Plaintiff a fourth letter attempting to collect the alleged debt. *Plaintiff's Complaint ¶ 22; Fierro Decl. ¶8*; *Exhibit F*. Each of these collection letters were sent after Plaintiff asked for validation and without a response from Defendant in violation of 15 U.S.C. § 1692g. *Plaintiff's Complaint ¶¶ 20-22.*

### G. Plaintiff is The Prevailing Party To This Action and Therefore Entitled To An Award of Attorney's Fees and Costs

The Supreme Court has defined a "prevailing party" as the party in whose favor a judgment is rendered. *Buckhannon Bd. And Care Home, Inc. v. VA Dep't. of Health*, 532 U.S. 598, 603. At the time the default judgment is entered, Plaintiff will be the prevailing party. As the prevailing party to the action, Plaintiff is entitled to an award of attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). Consumers are prevailing parties entitled to an award of attorney's fees and costs for time expended in bringing the action. *Smith v. Law Offices of Mitchell N. Kay*, 762 F. Supp. 82 (D. Del. 1991). The statutory language of the FDCPA makes an award of attorney fees to the successful consumer mandatory. *Booth v. Collection Experts, Inc., 969 F. Supp.* 1161 (E.D. Wis. 1997).

''The reason for mandatory fees is that Congress chose a 'private attorney general' approach for enforcement of the FDCPA.'' Attorney fee awards exceed the damage awards in most cases, and there need be no proportionality between attorney fees and costs. The Truth in Lending Act ("TILA") has identical attorney fee language and courts interpret TILA as

requiring the award of attorney fees even in cases of minor violations. In other words, fee shifting is central to the congressional goals for the FDCPA as can be seen from the statute and its history.

The FDCPA mandates the payment of attorney fees to a successful consumer. The FDCPA states:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of— [actual damages]; [statutory damages]; and; (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. 15 U.S.C. §1692k(a)(3).

The purpose of this fee shifting provision Is to attract competent counsel. *Zagorski v. Midwest Billing Services, Inc.,* 128 F.3d 1164, 1167 (7th Cir. 1997). In litigation under the FDCPA, an award of reasonable attorney fees is mandatory, and not discretionary. *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991); *Piples v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 28 (2d Cir. 1989) ("Because the FDCPA was violated, however, the statute requires the award of costs and reasonable attorney's fees. . ."); *Mace v. Van Ru Credit*, 109 F.3d 338, 344 N.3 (7th Cir. 1997).

An award of attorney's fees to a successful consumer under the FDCPA is designed to compensate the consumer for his role in privately

enforcing the FDCPA, and Congress intended that the prevailing consumer recover reasonable attorney's fees.

## H. Attorney Fees Shall Be Calculated Pursuant To The Lodestar Formula

The first step in determining the amount to award in attorneys fees is the "lodestar" approach "which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000). This is especially true with FDCPA actions. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145 (9th Cir. 2001), an action against a debt collector pursuant to the FDCPA, "District courts must calculate awards for attorneys' fees using the "lodestar" method." The "lodestar" figure is the hours reasonably expended multiplied by an allowed hourly rate. *See Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983) (viewing an award of fees under 42 U.S.C. §1988). The burden is on the applicant to prove that the fee request is reasonable, with a strong presumption that the lodestar amount represents a fair and appropriate fee award.

Although *Hensley* was decided in the context of a civil rights case, the lodestar analysis is applicable to all cases involving an attorney fee shifting

statute. *Hensley*, 103 S.Ct. at 1941. The Supreme Court has previously noted that, "We have stated in the past that fee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." The determination of the allowable hours rests with the sound discretion of the trial court. *Hensley*, 103 S.Ct. at 1941. Determination of the hourly rate by the trial court should consider a rate "commensurate which [counsel] could obtain by taking other types of cases."

"The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (*citing Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)) . "After determining the lodestar, the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation." *Id. (citing Norman*, 836 F.2d at 1303).

## I. **Plaintiff's Attorneys Fees Are Reasonable**

Plaintiff's Counsel has calculated his fees at an hourly rate of $400.00 per hour. To support a billing rate of $400.00, Plaintiffs' counsel set forth a declaration and prior court findings, demonstrating recognized expertise in

this area of consumer litigation *See McBride Decl.* ¶¶ 12-34.

J. **Plaintiff's Counsel's Reasonable Hours Expended and Costs Incurred**

Reasonable billing discretion has been used throughout this case *See McBride Decl. ¶ 36-38*. Using reasonable billing discretion, Mr. McBride has billed for 9 hours of work in this case at a rate of $400.00 per hour for a total of $3,600. *See McBride Decl.* ¶ 36; *See Exhibit G.* Brianna Pasillas, a paralegal at Kazerouni Law Group, APC billed 1.2 hours of work at a rate of $150 per hour for a total of $180. Plaintiff's counsel reduced 2.6 total hours due to reasonable billing discretion. *See McBride Decl. ¶ 38.* Plaintiff's counsel also expended a total of $526.34 in costs, which includes a filing fee, and process server fees. *See Exhibit G.*

K. **Statement of Consultation**

Plaintiff's counsel repeatedly tried to contact Defendant. Plaintiff's counsel attempted to establish lines of communication to settle the case in its entirety, or to generally communicate about any matter related to Plaintiff's claims have been unsuccessful. *See McBride Decl. ¶¶ 3-9.*

//

//

### V. CONCLUSION

In the present case, Plaintiff requests judgment be entered against Defendant for a total award of:

1. $1,000 in statutory damages under the FDCPA;

2. $3,780 in attorney's fees;

3. $526.34 in costs

Dated: December 1, 2022       Respectfully submitted,

BY: /s/ RYAN L. MCBRIDE
     RYAN L. MCBRIDE, ESQ.
     TRIAL COUNSEL FOR PLAINTIFF

Ryan L. McBride (1010101)
**Kazerouni Law Group, APC**
301 E Bethany Home Road
Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com

# EXHIBIT A

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

MIDDLE DISTRICT OF FLORIDA

<table>
<tr><td rowspan="6">DAVID FIERRO<br><br><i>Plaintiff(s)</i><br>v.<br><br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><i>Defendant(s)</i></td><td>)</td><td rowspan="6">Civil Action No. 8:22-cv-01805-WFJ-TGW</td></tr>
<tr><td>)</td></tr>
<tr><td>)</td></tr>
<tr><td>)</td></tr>
<tr><td>)</td></tr>
<tr><td>)</td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Midland Credit Management, Inc.
Midland Funding LLC - Registered Agent for Service
13008 Telecom Drive, Suite 350
Tampa, FL 33637

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Ryan McBride, Esq.
4455 E. Camelback Road, Suite C250
Phoenix, AZ 85018

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

SarahToombs

Date: August 10, 2022

_____
*Signature of Clerk or Deputy Clerk*

## RETURN OF SERVICE

UNITED STATES DISTRICT COURT
Middle District of Florida

Case Number: 8:22-CV-01805-WFJ-TGW

Plaintiff:
**David Fierro**

vs.

Defendant:
**Midland Credit Management, Inc.**

For:
Ryan L. McBride, Esq.
Kazerouni Law Group, APC
245 Fischer Ave.
Suite D1
Costa Mesa, CA 92626

Received by Sano Attorney Service to be served on **Midland Credit Management, Inc., 13008 Telecom Drive, Suite 350, Tampa, FL 33637.**

I, Noah Bamberg, do hereby affirm that on the **18th day of August, 2022 at 1:50 pm, I:**

served a **CORPORATION**, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by delivering a true copy of the **Summons in a Civil Action; Complaint; Discovery Order; Notice of Designation of Lead Counsel; Certificate of Interested Parties** to: Midland Funding, LLC - **Registered Agent , Bobby T. Authorized Person,** at the address of: **13008 Telecom Drive, Suite 350, Tampa, FL 33637, and informed said person of the contents therein, in compliance with state statutes.**

I certify that I am over the age of 18 and have no interest in the above action.

**Noah Bamberg**
CPS #22-999620

**Sano Attorney Service**
**P.O. Box 1568**
**Riverside, CA 92502**
**(909) 425-2248**

Our Job Serial Number: SNO-2022005700
Ref: D.Fierro v. Midland Credit Management
Service Fee: $121.00



# EXHIBIT B

 *Welcome,* Your account has a new home.

Midland Credit Management™

350 Camino De La Reina
Suite 100
San Diego, CA 92108

2/19/2021

David Fierro Sr
6094 Grey Heron Dr
Winter Haven, FL 33881-7218

P11 T297 014 

## Account Transfer Details

| | |
|---|---|
| **Original Creditor** | SYNCHRONY BANK |
| **Original Account Number** | xxxxxxxxxxxx7757 |
| **Current Servicer** | Midland Credit Management, Inc. |
| **MCM Account Number** | 301399312 |
| **Current Owner** | Midland Credit Management, Inc. |
| **Current Balance** | $659.42 |

Flexible payment options available

---

### Account at a Glance

**Current Balance**
$659.42

**Flexible payment options available**

**Receive Personalized Service**

**Begin your path to your financial freedom TODAY!**

---

**Reply by**
**4/5/2021**
MidlandCredit.com
**Call 877-452-7959**
Mon-Fri: 8am - Midnight ET
Sat-Sun: 8am - 7:30pm ET

---

RE SYNCHRONY BANK AMAZON

Dear David,

Welcome! On 4/29/2019, your account was sold to Midland Credit Management, Inc., which is now the sole owner of this debt. Midland Credit Management, Inc. ("MCM"), a debt collection company, will be collecting on and servicing your account.

To welcome you to MCM, we'd like to offer you an opportunity to resolve this account with no further letters or phone calls.

MCM is a different kind of debt collector. Here is what to expect:
– A dedicated Account Manager will be assigned to your account
– We will reach out to you by phone

**MCM, a partner you can trust.**

We value your experience and understand that managing debt can be a difficult process! That is why we set standards for how you are to be treated while working with us. Call **877-452-7959** to experience the difference for yourself.

Sincerely,
Tim Bolin
Division Manager

 CONSUMER BILL OF RIGHTS®

We are not obligated to renew any offers provided.

 **MidlandCredit.com**      **877-452-7959**      Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

---

✂ ☐ Check here if you provided updated contact information on the reverse side.

 **Manage Your Account Online**
MidlandCredit.com

MCM Account Number          301399312
Current Balance                   $659.42

### Important Payment Information

**Make checks payable to:**
Midland Credit Management
Enter your MCM Account # on all payments

Total Enclosed          $ _____ . ___

Mail Payments to:
Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030

 **877-452-7959**

se habla español
**877-684-0209**

0002102520000301399312000659420321210006594200008414478 31

V001

# Important Disclosure Information

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid. If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment. If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

**Calls to and/or from this company may be monitored or recorded.**

## Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | SYNCHRONY BANK | Current Creditor | Midland Credit Management, Inc. |
| Original Account Number | xxxxxxxxxxxx7757 | Current Servicer | Midland Credit Management, Inc. |
| Charge-Off Date | 3/13/2019 | Charge-Off Balance | $659.42 |

## Important Contact Information

| Send Payments to:<br>Midland Credit Management, Inc.<br>PO Box 301030<br>Los Angeles, CA 90030-1030 | Send disputes or an instrument tendered as full satisfaction of a debt to:<br>Attn: Consumer Support Services<br>320 E Big Beaver Rd. Suite 300<br>Troy, MI 48083<br>**You may also call: 877-452-7959** | Physical Payments for Colorado Residents:<br>Colorado Manager, Inc.<br>8690 Wolff Court, Suite 110<br>Westminster, CO 80031<br>Phone (303) 920-4763 |
|---|---|---|

The records associated with the SYNCHRONY BANK. account purchased by Midland Credit Management, Inc., reflect that you are obligated on this account, which is in default. As the owner of this account, but subject to the rights described above, Midland Credit Management, Inc. is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Please remember, even if you make a payment within thirty (30) days after receiving this notice, you still have the remainder of the thirty (30) days to exercise the rights described above.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:**

**NMLS ID: 934164**

**IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov.

Nonprofit credit counseling services may be available in the area.
**IF YOU LIVE IN COLORADO, THIS APPLIES TO YOU:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICESECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/. A consumer has the right to request in writing that a debt collector or collection agency cease

further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, #3777, #111895, #112039, #113170, #113236 and #112678. Midland Credit Management, Inc. 350 Camino De La Reina, Suite 100, San Diego, CA, 92108.

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

DVALA

---

By providing your telephone number below, you authorize MCM or its agents to contact you regarding your account at such number by any means, including calling, texting, using automated systems and automatic telephone dialing systems, and using pre-recorded or artificial voice messages. By providing your e-mail address below, you agree to receive electronic mail communications from MCM or its agents regarding your account at such e-mail address and confirm that such e-mail address is not furnished or owned by your employer.

| | | | |
|---|---|---|---|
| Street Address | | | |
| City | | State | ZIP |
| Email | | Cell Phone | |
| Work Phone | | Home Phone | |

# EXHIBIT C

From:  David Fierro                                                                                03/18/2021

     6094 GREY HERON DRIVE

     WINTER HAVEN, FL 33881


For:  Midland Credit Management, Inc.

     Midland Credit Management, Inc., a Debt Collector

     8875 Aero Drive, Suite 200

     San Diego, CA 92123

     Fax: 8559766301

Sent by: Fax to 8559766301, Confirmation Receipt and Declaration of Service recorded.

Please Note: A Declaration of Service has been retained in my records with the signature of a 3rd party certifying they were witness to the sending of all 12 pages being submitted.  Those pages include a two-page cover letter, a four-page demand for verification letter and a six-page Debt Collector Questionnaire.

Re: Dispute of Account #: 30199312, and claim against David Fierro.

To whom it may concern:

I received a letter today, from your company, stating that I have 30 days to dispute the validity of a debt. Therefore I, David Fierro, am writing to you to officially dispute an alleged debt upon which you are collecting against me, your account #: 30199312, to determine if it is a valid, legally owed obligation devoid of deceptive or unfair billing practices, that you are licensed to collect alleged debt, and that there is a verifiable contract regarding this alleged debt that is lacking any misrepresentations, mistakes, errors, or other invalidating causes.

I am aware that financial companies have committed fraud in financial dealings are using erroneous paperwork, have incomplete records, and their legal processes are faulty;  this includes information sent to debt collectors . A Huffington Post article makes clear "asking for proof the debt buyer has the authority to collect on a debt is not a luxury, it is your right."

I am not sure if the account being collected upon by your company is valid, if you are licensed to collect, if the amount allegedly owed is correct, or what your relationship to the debt is (are you the owner of the debt?). If you are not the person in your company who should be receiving this demand, please forward it to the proper department.

This dispute, and request for proof of claim, is made in accordance with the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Fair Credit Billing Act, Correction of billing errors, Truth in Lending Act, Open end consumer credit, and the universal principles of law, equity, commerce, and contract in accordance with which the burden of proof falls on the party making the claim.

Providing the credit reporting agencies with information such as previously disputed is misleading and misrepresentation of the status of this account.

To be clear, this is not a refusal to pay, but a notice that your claim is disputed. Please return the enclosed Debt Collector Questionnaire with answers to all questions, and the documents requested in the dispute to me, at the address provided in this dispute. Failure to return the requested documentation will be considered as an agreement of

your company in which you will cease collection of the debt and should you proceed with collection activities, I may pursue legal actions; a failure to reply to this notice is also a violation of the Fair Debt Collection Practices Act.

Also, accept this as a formal notice to contact me via US post mail only. Additionally, I understand you are required to update the Credit Reporting Agencies with the information that the debt associated with this account is being disputed. Failure to do so is a violation of my rights under the Fair Credit Reporting Act.

Respond in writing, via certified US post mail only to:


David Fierro

6094 GREY HERON DRIVE

WINTER HAVEN, FL 33881


Sincerely,

David Fierro

From:  David Fierro                                                                                                          03/18/2021

6094 GREY HERON DRIVE

WINTER HAVEN, FL 33881

For:  Midland Credit Management, Inc.

     Midland Credit Management, Inc., a Debt Collector

     8875 Aero Drive, Suite 200

     San Diego, CA 92123

     Fax: 8559766301

### **DEMAND VERIFICATION AND PROOF OF THE DEBT COLLECTOR CLAIM**

     I, David Fierro, am aware that based on a recent communication from an agent of your company, that your company is claiming I owe you an alleged debt. I just became aware in the last 30 days of the claim of your alleged debt may not be a valid, lawfully owed obligation upon which you may collect.

     This is official notice that I am disputing the debt, and your right to collect the alleged debt until such time as it has been validated and verified as a legally owed obligation.

I am not aware that:

    1.   Alleged debt implied by your claim is valid or binding on me in any manner unless proved to be a valid, truthful (verified), accurate, legally owed debt;

    2.   Debt Collector is authorized to collect an alleged debt from me regarding your claim without first verifying and validating the alleged debt is a valid, legally owed debt;

     Any claim of authorization to collect this debt is valid, without first proving that the Debt Collector has the legal capacity to collect, including proof of being licensed, in my state to collect a debt, surety bond issuer and their contact information, and proof you are authorized by the current real and verifiable creditor of record to collect this alleged debt.

As I am not aware that a valid debt is owed, or that the amount claimed to be owed is correct, I am requesting Debt Collector provide all the records requested by me including a certified, true copy of a complete accounting of the sum certain amount owed from the inception of the account-with corresponding monetary amounts for which I am in default of payment.

     I have included an attached "Debt Disclosure Questionnaire" which should be returned to me within thirty days (30) as an integral aspect of your "verification of the debt".  Because the word verification may be interpreted broadly, I specifically provide the definitions that can be found at  http://www.yourdictionary.com/verification . These include "establishment or confirmation of the truth or accuracy of a fact" , that comes from Webster's New World Dictionary 5th edition; additionally, American Heritage Dictionary - 5th edition defines "verification" as," A sworn statement attesting to the truth of the facts in a document."

What I am requesting is real proof, verification, that confirms the truth and accuracy of the fact that the debt is valid, and the amount is correct, with some type of sworn statement by someone with first-hand knowledge that what I am provided is certifiably correct.

This communication is my notice to all principals and agents of Debt Collector, that the obligation you claim is owed is insufficient, invalid, and defective on the basis of the following:

1. No Legal Capacity as Collector.   I am not aware if Debt Collector is licensed to collect alleged debt, if collector is owner of alleged debt, has been assigned the debt, or is allowed to make demands for payment;

2. The absence of a valid signature. Your Claim is devoid of any signature of Debt Collector that identifies Debt Collector and does not define what Debt Collector stakes on the validity, accuracy, and verifiability of alleged debt being collected upon;

3. No Sum Certain Accounting.   I am not in possession of any complete transaction record from inception to current time proving sum certain amount allegedly owed regarding account, or statement of responsibility concerning which I am in alleged default of payment;

4. No Verification of Debt.   I am not in receipt of, nor aware of, any verification that alleged debt is a valid, accurate, legally owed obligation, proven by certified documentation and a sworn statement as to the documents accuracy; and

5. No Verification of a valid contract.   I am not aware of or in receipt of a contract that is signed by or agreed to by me.

Debt Collector must provide to me, documentation of evidence for the validity, accuracy, and truth of everything stated, claimed, or alleged by Debt Collector.  Debt Collector is requested to provide all of the items below before proceeding against any interests of mine on the basis of alleged debt within thirty days (30) of Debt Collector's receipt of this dispute:

•   Identity of claimed creditor for whom Debt Collector is collecting alleged debt, and signature of person making claim, with official declaration that the signature binds Debt Collector in Debt Collector's official and personal capacity;

•   The liability, defined with particularity, which Debt Collector stakes on the validity, accuracy, relevance, and truth of alleged debt upon which collector is collecting against me, and Debt Collector's authorization for collecting alleged debt;

•   Returned, signed, Debt Disclosure Questionnaire, included in this communication;

•   Proof that Debt Collector is licensed to collect alleged debt, and providing the date of the license, the name on the license, the license number, and the name, address and telephone number of the state agency issuing the license; surety bond issuer and their contact information, and certified, true copy of a complete accounting of the sum certain amount owed and an accounting from the inception of the account of all goods and services received by me regarding alleged debt—with corresponding monetary amounts for which I am in default of payment.

Neither Debt Collector, nor any other person, should be able to legally proceed against me in any manner regarding alleged debt without providing, within thirty days (30) of Debt Collector's receipt of this dispute, verification under oath of documentary proof of the origin, nature, and contractual validity of alleged debt and the authority of said person for collecting the debt.  This Dispute is not a request for a copy of an un-verified document referencing said alleged debt.  This demand for verification of the alleged debt and proof of claim is a demand for verification of the alleged debt and proof of the truth of your claim.

Failure to reflect accurate information to the Credit Reporting Agencies is a violation of The Fair Credit Reporting Act and The Fair Debt Collections Protection Act. If you are not the furnishing agent you must inform the furnishing

party.

If Debt Collector needs additional time for response, Debt Collector may request an extension of time in writing before the expiration of thirty days (30) period allotted for response.

All communication with me should be in writing only, sent by certified mail, addressed to:

David Fierro

6094 GREY HERON DRIVE

WINTER HAVEN, FL 33881

As a way to establish the factual basis for Debt Collector's claim that I am obligated for payment of alleged debt and that Debt Collector possesses legitimate authority for collecting alleged debt, Debt Collector should additionally provide to me:

•   Certified copies of all agreements of assignment, negotiation, transfer of rights, and the like, and indicating whether Debt Collector is the current owner, assignee, holder, or owner of the debt;

•   All relative commercial instruments, contracts, and the like containing my bona fide signature;

•   All evidence of an exchange of a benefit, as well as of an exchange of a detriment;

•   All other documentary evidence between me and Debt Collector or Debt Collectors Principal upon which Debt Collector relies for making Debt Collector's presumptive claim;

•   Name and address of original creditor; and,

•   A certified copy of any judgment, if there is one.

It is my understanding that per The Fair Debt Collections Practices Act the Debt Collector may not communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

I conclude, based on the above definition of verification, which only duly sworn/affirmed affidavits, oaths, and depositions qualify as verification of the bona fide nature of this debt. Absent such verification of the alleged debt, Debt Collector should cease all collection efforts against me.

Debt Collector can opt out and retain of this dispute, by engaging in one (1) of the following two (2) options:

1.   Debt Collector may notify me at the mailing location designated herein, that claim is withdrawn, and all references are removed from Debt Collector's records and system of records;

2.   Debt Collector can provide me with the documentation requested with proper disclosure.

In the event Debt Collector does not respond with one (1) of the two (2) options set forth above then I will assume that no debt exists that is valid, or binding on me.

Until such time as all requested documents are provided, Debt Collector must refrain from engaging in actions such as:

•   Providing any credit reporting agency with any derogatory credit information regarding alleged debt;

•   Contacting me by mail, by telephone, as well as in person, both at my residence, as well as at my place of employment;

•   Contacting any other third party regarding alleged debt;

- Filing any lawsuit against me.

Any proceeding against any of my interests in the absence of full verification and validation of alleged debt will be taken by me as Debt Collector's confession that:

1) Debt Collector's actions are willful and undertaken in bad faith; and

2) Debt Collector may be liable for offenses, such as:

    i. Violation of the Fair Debt Collection Practices Act

    ii. Harassment

    iii. Fraud and attempted defrauding

I assume that Debt Collector agrees that Debt Collector possesses a duty for preventing this account from damaging me. I look forward to receiving the documents I requested from Debt Collector in attempt to resolve this matter.

Sincerely:

David Fierro

All Rights Reserved

David Fierro                                                                                                    03/18/2021

6094 GREY HERON DRIVE

WINTER HAVEN, FL 33881

For Debt Collector:

      Midland Credit Management, Inc., a Debt Collector (Respondent)

      8875 Aero Drive, Suite 200

      San Diego, CA 92123

      Fax No.: 8559766301

Sent by fax, transmission receipt retained by David Fierro

<strong><u>Debt Collector Questionnaire</u></strong>

NOTICE: In accordance with applicable consumer protection statutes, Debt Collector is requested to complete and send, within thirty (30) days of receipt, this Debt Collector Questionnaire as an integral part of verification, as defined previously.

1.      Please provide the name and address of the creditor to whom the debt is currently owed.

      ………………………………………………………………………………………………………

      ………………………………………………………………………………………………………

2.      Please provide the account number used by the original creditor.

      ………………………………………………………………………………………………………

3.      If this debt started with a different creditor than the one provided above in questions 1, provide the name and address of that original creditor, the account number used by that creditor, and the amount owed to that creditor at the time it was transferred.

      ………………………………………………………………………………………………………

      ………………………………………………………………………………………………………

4.      Can you provide a copy of the original written agreement with my original signature that created the original requirement to pay?

      _____YES

      _____ NO

5.      Do you as the Debt Collector have a valid assignment for entering into the contract between the original Creditor and me?

      _____YES

      _____ NO

6.      Have you made a determination that this debt is within the statute of limitations applicable to it?

_____YES

_____ NO

7.      Please explain when you think the statute of limitation expires for this debt, and how you determined that date.

…………………………………………………………………………………………………

…………………………………………………………………………………………………

8.      Does your firm have a debt collection license from the state in which I reside?

_____YES

_____ NO

9.      Regarding your license as a Debt Collector, provide the date of the license, the name on the license, the license number, and the name, address and telephone number of the state agency issuing the license.

…………………………………………………………………………………………………

…………………………………………………………………………………………………

10.     If you are contacting me from a place outside of my state, does your firm have a debt collection license from that place?

_____YES

_____ NO

11.     As the As the Debt Collector are you required to carry a Surety Bond?

_____YES

_____ NO

12.     Who is the Debt Collectors Surety Bond?

…………………………………………………………………………………………………

13.     Name of Debt Collector:

…………………………………………………………………………………………………

14.     Address of Debt Collector:

…………………………………………………………………………………………………

…………………………………………………………………………………………………

15.     Name of Debtor:

…………………………………………………………………………………………………

16.     Address of Debtor:

……………………………………………………………………………………………………

……………………………………………………………………………………………………

…………………………………………………………………………………………………….

17.     Account Number(s):

………………………………………………………………………………………………

18.     Amount of debt owed:

$………………………………………………………………………………………………

19.     Date this debt became payable:

………………………………………………………………………………………………

20.     Did Debt Collector or interest holder purchase this account from the original creditor?

_____YES

_____ NO

21.     If purchased, date of purchase from original creditor and purchase amount:

Date: ……………………………………………………….………………..

Amount:  $…………………………………………………………………………

22.     Did Debt Collector purchase this account from a previous debt collector who was not the Original Creditor?

_____YES

_____ NO

23.     If purchased from a previous debt collector, date of purchase from previous debt collector and purchase amount:

Date: ………………….     Amount:  $……………..…………

24.     Transfer of rights regarding this account was executed by which of the following methods:

(a) assignment; (b) negotiation; (c) novation; (d) other – explain:

………………………………………………………………………………………

………………………………………………………………………………………

25.     What are the terms of the transfer of rights re this account?

………………………………………………………………………………………

………………………………………………………………………………………

26.     Regarding this account, Debt Collector is currently the:

(a) owner; (b) assignee; (c) holder; (d)  holder in due course; (e) other – explain: …………………………

……………………………………………………………………...

………………………………………………………………………………………………………

27.  If the transfer of rights re this account was by assignment, was there consideration?

_____YES

_____ NO

28.  What is the nature and cause of the consideration cited in # 25, above?

………………………………………………………………………………………………

………………………………………………………………………………………………

29.  If the transfer of rights regarding this account was by negotiation, was the account taken for value?

_____YES

_____ NO

_____ N/A (not applicable)

30.  If the transfer of rights regarding this account was by novation, was consent given by Debtor?

_____YES

_____ NO

31.  Does Debt Collector have knowledge of any claim(s)/defense(s) regarding this account?

_____YES

_____ NO

32.  What is the nature and cause of any claim(s)/defense(s) regarding this account?

………………………………………………………………………………………………

………………………………………………………………………………………………

33.  Was Debtor sold any products/services by Debt Collector?

_____YES

_____ NO

34.  What is the nature of any products/services?

………………………………………………………………………………………………

………………………………………………………………………………………………

35.  Have any charge-offs been made by any creditor or debt collector regarding this account?

_____YES

_____ NO

36.    Have any insurance claims been made by any creditor or debt collector regarding this account?

_____YES

_____ NO

37.    Have any tax write-offs been made by any creditor or debt collector regarding this account?

_____YES

_____ NO

38.    Have any tax deductions been taken by any creditor or debt collector regarding this account?

_____YES

_____ NO

39.    Have any judgments been obtained by any creditor or debt collector regarding this account?

_____YES

_____ NO

Please provide any documentation to substantiate any of the answers to this Debt Collector Questionnaire.

Please also provide the following documentation where applicable:

•    If there have been any additional interest, fees, or charges added since the last billing statement from the original creditor, provide an itemization showing the dates and amount of each added amount. In addition, explain how the added interest, fees or other charges are expressly authorized by the agreement creating the debt or are permitted by law.

•    If there have been any payments or other reductions since the last billing statement from the original creditor, provide an itemization showing the dates and amount of each of them.

_____    _____

Agent of Debt Collector's signature                    Date

_____

Print name and title of Agent of Debt Collector

 Questionnaire should be sent by certified mail to:

David Fierro

6094 GREY HERON DRIVE

WINTER HAVEN, FL 33881



Here are the results of the 12-page fax you sent from your phone number **(858) 684-2355**

| Name | Phone Number | Date and Time | Result |
|------|--------------|---------------|--------|
| | +1 (855) 9766301 | Thursday, March 18, 2021 at 3:24 PM | Sent |

*Your fax(es) included the following file(s), which were rendered into fax format for transmission:*

| File Name | Result |
|-----------|--------|
| P1_1280529_637516774758979290.pdf | Success |

View this message on your [RingCentral app](RingCentral app).

Thank you for using RingCentral!

Work from anywhere with the RingCentral app. It's got everything you need to stay connected: team messaging, video meetings and phone - all in one app. **Get started**

By subscribing to and/or using RingCentral, you acknowledge agreement to our Terms of Use.

Copyright 2021 RingCentral, Inc. All rights reserved. RingCentral is a registered trademark of RingCentral, Inc., 20 Davis Drive, Belmont, CA 94002, USA.

# EXHIBIT D



**Midland Credit Management®**
350 Camino De La Reina
Suite 100
San Diego, CA 92108

**Midland Credit Management, Inc. is a debt collection company.**

4/5/2021

David Fierro Sr          P86 T2936 021
6094 Grey Heron Dr
Winter Haven, FL 33881-7218

| Original Creditor |
| --- |
| SYNCHRONY BANK AMAZON |

| Original Account Number |
| --- |
| xxxxxxxxxxxx7757 |

| MCM Account Number |
| --- |
| 301399312 |

| Current Balance |
| --- |
| $659.42 |

You are pre-approved for a
**10%** discount!

**Reply Now** MidlandCredit.com or call
**877-875-5578** by 5/5/2021

## Choose the Option That Works for You.

Midland Credit Management, Inc. gives you options to manage your account: make an online payment at MidlandCredit.com or call 877-875-5578. Whatever one you choose, we are offering you these fantastic savings below:

**OPTION 1***

**10%** off

You Pay Only:
**$593.48***

Offer Expiration Date:
5/5/2021

**OPTION 2****

**5%** off   6 Monthly Payments of
$104.41**

First Payment Due Date: 5/5/2021

Visit MidlandCredit.com or
Call 877-875-5578 Now

**ACCOUNT INFORMATION**

**Current Owner:**
Midland Credit Management, Inc.

**Original Account Number:**
xxxxxxxxxxxx7757

**MCM Account Number:**
301399312

**Current Balance:**
$659.42

Let's put this debt behind you. Visit MidlandCredit.com, or call 877-875-5578 today, to pay off your account and regain your financial freedom!

Sincerely,

*Tim Bolin*

Division Manager

*To take advantage of Option 1, log in to MidlandCredit.com, choose "MAKE A PAYMENT" and follow the on-screen instructions. You may also call 877-875-5578.

**Option 2 is only available by calling 877-875-5578.

We are not obligated to renew any offers provided.

350 Camino De La Reina
Suite 100
San Diego, CA 92108

**Visit** MidlandCredit.com or **Call 877-875-5578** Now

Hours of operation: Mon-Fri: 8am - Midnight ET Sat-Sun: 8am - 7:30pm ET

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

✂

☐ Check here if you provided updated contact information on the reverse side.

MCM Account Number          301399312
Current Balance              $659.42

Total Enclosed          $ ____ . ____

Mail Payments to:
Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030

 **Manage Your Account Online**
MidlandCredit.com

**Important Payment Information**

**Make checks payable to:**
Midland Credit Management
Enter your MCM Account # on all payments

**877-875-5578**

se habla español
**877-875-5585**

0002102520000301399312000659420505210006594200094352502b

M013

## Important Disclosure Information:

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**Calls to and/or from this company may be monitored or recorded.**

### Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | SYNCHRONY BANK | MCM Account Number | 301399312 |
| Original Account Number | xxxxxxxxxxxx7757 | Charge-Off Date | 3/13/2019 |
| Current Creditor *The sole owner of this debt* | Midland Credit Management, Inc. | Current Servicer | Midland Credit Management, Inc. |

### Important Contact Information

| Send Payments to: | Send disputes or an instrument tendered as full satisfaction of a debt to: | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc. PO Box 301030 Los Angeles, CA 90030-1030 | Attn: Consumer Support Services 320 E Big Beaver Rd. Suite 300 Troy, MI 48083 **You may also call: 877-875-5578** | Colorado Manager, Inc. 8690 Wolff Court, Suite 110 Westminster, CO 80031 Phone (303) 920-4763 |

We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:

**NMLS ID: 934164**

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:** NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, #3777, #111895, #112039, #113170, #113236 and #112678. Midland Credit Management, Inc. 350 Camino De La Reina, Suite 100, San Diego, CA, 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

DPRODA
------------------------------------------------------------------------

*By providing your telephone number below, you authorize MCM or its agents to contact you regarding your account at such number by any means, including calling, texting, using automated dialer systems and automatic telephone dialing systems, and using pre-recorded or artificial voice messages. By providing your e-mail address below, you agree to receive electronic mail communications from MCM or its agents regarding your account at such e-mail address and confirm that such e-mail address is not furnished or owned by your employer.*

| Street Address | | | | |
|---|---|---|---|---|
| City | | State | | ZIP |
| Email | | Cell Phone | | |
| Work Phone | | Home Phone | | |

# EXHIBIT E

 **Midland Credit Management®**

350 Camino De La Reina
Suite 100
San Diego, CA 92108

6/30/2021

P19 T748 021 

David Fierro Sr
6094 Grey Heron Dr
Winter Haven, FL 33881-7218

| Original Creditor | |
|---|---|
| | SYNCHRONY BANK |
| **Current Owner** | |
| | Midland Credit Management, Inc. |
| **Original Account Number** | |
| | xxxxxxxxxxxxx7757 |
| **MCM Account Number** | |
| | 301399312 |
| **Current Balance** | |
| | $659.42 |

You are pre-approved for a 10% discount!
Reply Now! **MidlandCredit.com**
**877-653-5260**

---

### Choose The Option That Works For You.

RE SYNCHRONY BANK  AMAZON

Dear David,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Pay today at MidlandCredit.com or call 877-653-5260 now.

| Option 1*: **10% OFF** | You Pay Only |
|---|---|
| Payment Due Date: 7/30/2021 | $593.48 |

| Option 2**: **5% OFF** | 6 Monthly Payments of Only |
|---|---|
| First Payment Due Date: 7/30/2021 | $104.41 |

| Option 3: Monthly Payments As Low As: | |
|---|---|
| Call today to discuss your options and get more details. | $50 per month |

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

*Tim Bolin*
Division Manager

*To take advantage of Option 1, log in to MidlandCredit.com, choose "MAKE A PAYMENT" and follow the on-screen instructions. You may also call 877-653-5260.
**Option 2 is only available by calling 877-653-5260.

### Benefits of Paying!

Save Up To:
**$65.94**

STOP our calls by selecting one of these 3 options

This offer expires
**7/30/2021**

MidlandCredit.com
877-653-5260

Mon-Fri: 8am - Midnight ET
Sat-Sun: 8am - 7:30pm ET

---

We are not obligated to renew any offers provided.

 **MidlandCredit.com**  **877-653-5260**  Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

- - - ✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Receive this
**10% DISCOUNT OFFER**
when payment is made
on or before
*7/30/2021*

### RECEIVE THIS DISCOUNT WITH YOUR PAYMENT ON OR BEFORE:  | 7/30/2021 |

RETURN this slip with payment in the envelope provided to receive this limited-time discount offer.

**Total Enclosed:** $ .

| Account Number | 301399312 |
|---|---|
| Current Balance | $659.42 |
| **DISCOUNTED Amount:** | **$593.48** |

Mail Payments to:
Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030



000210252000030139931200065942073021000659420001117870444

DOE7

## Important Disclosure Information:

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**Calls to and/or from this company may be monitored or recorded.**

**Basic Information**

| | | | |
|---|---|---|---|
| Original Creditor | SYNCHRONY BANK | MCM Account Number | 301399312 |
| Original Account Number | xxxxxxxxxxxx7757 | Charge-Off Date | 3/13/2019 |
| Current Creditor *The sole owner of this debt* | Midland Credit Management, Inc. | Current Servicer | Midland Credit Management, Inc. |

**Important Contact Information**

| Send Payments to: | Send disputes or an instrument tendered as | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc. | **full satisfaction of a debt to:** | Colorado Manager, Inc. |
| PO Box 301030 | Attn: Consumer Support Services | 8690 Wolff Court, Suite 110 |
| Los Angeles, CA 90030-1030 | 320 E Big Beaver Rd. | Westminster, CO 80031 |
| | Suite 300 | Phone (303) 920-4763 |
| | Troy, MI 48083 | |
| | **You may also call: 877-653-5260** | |

We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:

NMLS ID: 934164

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:** NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, #3777, #111895, #112039, #113170, #113236 and #112678. Midland Credit Management, Inc. 350 Camino De La Reina, Suite 100, San Diego, CA, 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

DPRODA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - ✂

*By providing your telephone number below, you authorize MCM or its agents to contact you regarding your account at such number by any means, including calling, texting, using automated dialer systems and automatic telephone dialing systems, and using pre-recorded or artificial voice messages. By providing your e-mail address below, you agree to receive electronic mail communications from MCM or its agents regarding your account at such e-mail address and confirm that such e-mail address is not furnished or owned by your employer.*

| Street Address | |
|---|---|

| City | | State | | ZIP | |
|---|---|---|---|---|---|

| Email | | Cell Phone | |
|---|---|---|---|

| Work Phone | | Home Phone | |
|---|---|---|---|

# EXHIBIT F

 **Midland Credit Management** | 350 Camino De La Reina Suite 100 San Diego, CA 92108

**Midland Credit Management, Inc. is a debt collection company.**

8/12/2021

David Fierro Sr
6094 Grey Heron Dr
Winter Haven, FL 33881-7218

P65 T2123 021 

ıllıllı•ıııllı[llılılllılılılılılıııııl[llıllıllıı

| Original Creditor |
|---|
| SYNCHRONY BANK AMAZON |

| Original Account Number |
|---|
| xxxxxxxxxxx7757 |

| MCM Account Number |
|---|
| 301399312 |

| Current Balance |
|---|
| $659.42 |

You are pre-approved for a
**10%** discount!

**Reply Now MidlandCredit.com** or call
**877-875-5578** by **9/11/2021**

## Choose the Option That Works for You.

Midland Credit Management, Inc. gives you options to manage your account: make an online payment at MidlandCredit.com or call 877-875-5578. Whatever one you choose, we are offering you these fantastic savings below:

**OPTION 1***

**10%** off

You Pay Only:
**$593.48***

Offer Expiration Date:
9/11/2021

**OPTION 2****

**5%** off 6 Monthly Payments of **$104.41****

First Payment Due Date: 9/11/2021

Visit MidlandCredit.com or Call 877-875-5578 Now

**ACCOUNT INFORMATION**

**Current Owner:**
Midland Credit Management, Inc.

**Original Account Number:**
xxxxxxxxxxx7757

**MCM Account Number:**
301399312

**Current Balance:**
$659.42

Let's put this debt behind you. Visit MidlandCredit.com, or call 877-875-5578 today, to pay off your account and regain your financial freedom!

Sincerely,

*Tim Bolin*
Division Manager

*To take advantage of Option 1, log in to MidlandCredit.com, choose "MAKE A PAYMENT" and follow the on-screen instructions. You may also call 877-875-5578.

**Option 2 is only available by calling 877-875-5578.

We are not obligated to renew any offers provided.

350 Camino De La Reina
Suite 100
San Diego, CA 92108

**Visit MidlandCredit.com or Call 877-875-5578 Now**

Hours of operation: Mon-Fri: 8am - Midnight ET Sat-Sun: 8am - 7:30pm ET

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

☐ Check here if you provided updated contact information on the reverse side.

| | |
|---|---|
| MCM Account Number | 301399312 |
| Current Balance | $659.42 |

Total Enclosed   $ _____ . ____

Mail Payments to:
Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030

 **Manage Your Account Online**
MidlandCredit.com

**Important Payment Information**

**Make checks payable to:**
Midland Credit Management
Enter your MCM Account # on all payments

**877-875-5578**

se habla español
**877-875-5585**

0002102520000301399312000659420911210006594200012017635 71

M013

## Important Disclosure Information:

> Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**Calls to and/or from this company may be monitored or recorded.**

### Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | SYNCHRONY BANK | MCM Account Number | 301399312 |
| Original Account Number | xxxxxxxxxxxx7757 | Charge-Off Date | 3/13/2019 |
| Current Creditor *The sole owner of this debt* | Midland Credit Management, Inc. | Current Servicer | Midland Credit Management, Inc. |

### Important Contact Information

| Send Payments to: | Send disputes or an instrument tendered as full satisfaction of a debt to: | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc. PO Box 301030 Los Angeles, CA 90030-1030 | Attn: Consumer Support Services 320 E Big Beaver Rd. Suite 300 Troy, MI 48083 **You may also call: 877-875-5578** | Colorado Manager, Inc. 8690 Wolff Court, Suite 110 Westminster, CO 80031 Phone (303) 920-4763 |

We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:

**NMLS ID: 934164**

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:** NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. *Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.*

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, #3777, #111895, #112039, #113170, #113236 and #112678. Midland Credit Management, Inc. 350 Camino De La Reina, Suite 100, San Diego, CA, 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

DPRODA

*By providing your telephone number below, you authorize MCM or its agents to contact you regarding your account at such number by any means, including calling, texting, using automated dialer systems and automatic telephone dialing systems, and using pre-recorded or artificial voice messages. By providing your e-mail address below, you agree to receive electronic mail communications from MCM or its agents regarding your account at such e-mail address and confirm that such e-mail address is not furnished or owned by your employer.*

| Street Address | | | |
|---|---|---|---|
| City | | State | ZIP |
| Email | | Cell Phone | |
| Work Phone | | Home Phone | |

# EXHIBIT G

# Fees Report for David Fierro v. Midland Credit Management, Inc.

| Kazerouni Law Group APC | | $3,780.00 |
|---|---|---|

**Monica Guevara, ACCOUNTING ASSISTANT (AT $150.00 per hr.)**

*August 9, 2022*

| entered filing fee expenditure (reduce .2) | | 0.00 hrs. |
|---|---|---|
| Monica Guevara, In Summary: | $0.00 | 0.00 hrs. |

**Brianna Pasillas, ADMINISTRATIVE ASSISTANT (AT $150.00 per hr.)**

*August 8, 2022*

| Sent complaint to client for approval (reduce .2) | | 0.00 hrs. |
|---|---|---|
| Call with client. (reduce .2) | | 0.00 hrs. |
| eFiled Complaint, CCS, and Summons, Dkt 1 | | 0.20 hrs. |

*August 10, 2022*

| drafted Notice of Designation of Lead Counsel | | 0.20 hrs. |
|---|---|---|
| Drafted Certificate of Interested Parties (reduce .2) | | 0.00 hrs. |
| eFiled Notice of Lead Counsel Designation, Dkt 8 | | 0.20 hrs. |
| eFiled Certificate of interested persons and corporate disclosure statement, Dkt 9 | | 0.20 hrs. |
| sent docs to Sano for service (reduce .2) | | 0.00 hrs. |

*October 19, 2022*

| eFiled POS, Dkt 10 | | 0.20 hrs. |
|---|---|---|

*October 25, 2022*

| eFiled Motion for Clerk's Entry of Default, Dkt 12 | | 0.20 hrs. |
|---|---|---|
| downloaded conformed copy of entry of default, sent to Erika for mailing. (reduce .2) | | 0.00 hrs. |

*October 27, 2022*

| sent entry of default to erika for mailing. (reduce .2) | | 0.00 hrs. |
|---|---|---|
| Brianna Pasillas, In Summary: | $180.00 | 1.20 hrs. |

**Ryan L. McBride, ATTORNEY (AT $400.00 per hr.)**

*June 29, 2022*

| Reviewed SOL and calendared filing date | | 0.20 hrs. |
|---|---|---|

*August 5, 2022*

| Call to client. Left VM To call me (reduce .2) | | 0.00 hrs. |
|---|---|---|
| Sent text to client to call me (reduce .2) | | 0.00 hrs. |

*August 8, 2022*

| Drafted complaint. Approved to file | | 3.10 hrs. |
|---|---|---|

*August 10, 2022*

| Reviewed two notices and approved for filing | | 0.30 hrs. |
|---|---|---|

*August 24, 2022*

| Email to client | | 0.20 hrs. |
|---|---|---|

*September 15, 2022*

| Email update to client: | | 0.20 hrs. |
|---|---|---|

*October 18, 2022*

| Asked Bri to file POS (reduce .2) | | 0.00 hrs. |
|---|---|---|

# Fees Report for David Fierro v. Midland Credit Management, Inc.

*October 25, 2022*
Drafted motion for entry of default and proposed order and asked Bri to file — 0.90 hrs.

*October 27, 2022*
Reviewed entry of default. Saw that Bri served it.  (reduce .2) — 0.00 hrs.

*November 16, 2022*
Drafted motion for default judgment and mcbride declaration — 3.20 hrs.
Drafted Flerro declaration — 0.90 hrs.

| | Ryan L. McBride, In Summary: | $3,600.00 | 9.00 hrs. |

**Erika Rendon, FRONT DESK (AT $150.00 per hr.)**

*October 25, 2022*
Mail Out - Entry of Default to Midland Credit Management, Inc. Midland Funding LLC – Registered Agent for Service. (reduce .2) — 0.00 hrs.

*October 27, 2022*
Mail Out - Entry of Default to Midland Credit Management, Inc  (reduce .2) — 0.00 hrs.

| | Erika Rendon, In Summary: | $0.00 | 0.00 hrs. |

| Grand Total:  $3,780.00 |

| Cost or Expense Description | Count | Cost | Charge |
|---|---|---|---|
| Kazerouni Law Group APC | | | |
| **Cost and Expenses Incurred on 8/8/22** | | | |
| Complaint FF RLM Visa | 1 | $402.00 | $402.00 |
| **Cost and Expenses Incurred on 8/30/22** | | | |
| Sano Attorney Service Inv 2022005700 | 1 | $121.00 | $121.00 |
| **Cost and Expenses Incurred on 10/25/22** | | | |
| Mailing, postage, envelope, copies | 1 | $1.97 | $1.97 |
| **Cost and Expenses Incurred on 10/27/22** | | | |
| Printing, Envelope and Postage | 1 | $1.37 | $1.37 |

Total Fees: $3,780.00
Total Expenses: $526.34
Total Fees and Costs For The Entire Case: $4,306.34